NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MASON HOWERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00102-NAB |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, S.I., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 9.) This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff originally brought this action in the Circuit Court of the City of St. Louis, alleging injuries suffered from a motor vehicle accident whereby he was struck by an uninsured motorist. Plaintiff alleges a breach of contract claim because he was an insured on a policy issued by Defendant, the insurance policy contains an uninsured motorist provision, and Defendant has refused to pay the damages incurred by Plaintiff as a result of the accident. Plaintiff's Petition prays the Court "enter judgment in his favor and to award Plaintiff fair and reasonable damages of $25,000 and for such other further relief as the Court deems appropriate." (Doc. 6.) Defendant timely removed the cause to this Court, invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a). Plaintiff now seeks to remand the cause to state court, arguing that the amount in controversy does not exceed $75,000. Defendant has responded to Plaintiff's motion. (Doc. 11.) Plaintiff did not file a reply.

1

It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1991). "The amount in controversy requirement of diversity jurisdiction is strictly construed," *Grmac v. Millar Elevator Co./Schindler Enters*., 3 F.Supp.2d 1082, 1083 (E.D. Mo. 1998), with all doubts about federal jurisdiction to be resolved in favor of remand. *Business Men's Assur*., 992 F.2d at 183. Where the Petition alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc*., 393 F.3d 828, 831 (8th Cir. 2005) (party invoking federal jurisdiction must prove requisite amount by preponderance of the evidence).

In its Notice of Removal, Defendant alleges the amount in controversy is satisfied by the allegations in Plaintiff's Petition, including the reference to the underinsured motorist policy coverage, which Defendant asserts is up to $100,000. Plaintiff filed the instant motion to remand, asserting this is a simple uninsured automobile rear-end collision case, and Defendant cannot establish the jurisdictional amount by merely citing to the policy limit. Plaintiff's motion contends he alleges soft tissue injuries to his low back, neck, right wrist, and left knee. Plaintiff also asserts his medical bills do not exceed $5,000, and he has not asserted a lost wage claim. Plaintiff's demand letter sought $35,000 from Defendant. Plaintiff asserts that upon remand, he will seek to amend the prayer for relief to request the Circuit Court award Plaintiff fair and reasonable damages in excess of $25,000, but less than $75,000, and for such other further relief as the Court deems appropriate. In addition to remand, Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C.

§ 1447(c), contending Defendant materially misstated the Petition and lacked an objectively reasonable basis to remove this action.

Defendant's response states that Plaintiff's motion to remand is the first time Plaintiff asserts the amount he will seek at trial will not exceed $75,000, reiterating that the subject insurance policy has liability limits of $100,000. Defendant argues that Plaintiff's pre-lawsuit demand of $35,000 was not incorporated into the Complaint and does not give the Court a sufficient basis to determine the proper jurisdictional authority. Defendant also points out that Plaintiff's demand letter advised that if a trial becomes necessary, Plaintiff's counsel "is experienced in litigating uninsured motorist benefits cases and has obtained six-figure verdicts in circuits near St. Louis." (Doc. 11, ¶ 12.) Defendant took the demand letter to suggest that Plaintiff intended to seek a six-figure verdict if the demand was not met.

In determining whether remand is appropriate, "the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009) (*quoting Hartford Ins. Group v. Lou-Con, Inc.,* 293 F.3d 901, 911 (5th Cir. 2002)). Thus, the Court must look to the substance of Plaintiff's claim. "[T]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Hollenbeck v. Outboard Marine Corp.*, 201 F.Supp.2d 990, 994 (E.D. Mo. 2001) (prayer for relief not controlling). The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. *Kopp*, 280 F.3d at 885.

3

Here, Plaintiff's Petition pleads that as a result of the accident, Plaintiff "sustained injuries to his low back, neck, right wrist, and left knee pain." (Doc. 6, ¶ 5.) He pleads that "[d]ue to these injuries, Plaintiff's ability to work, labor, and enjoy life were severely impaired." The Petition's allegations are more severe than Plaintiff's remand motion, which states this case involves "soft tissue injuries," medical bills that do not exceed $5,000, and no lost wage claim. (Doc. 9, ¶¶ 5-6.) Plaintiff's remand motion also argues that Plaintiff "has not obtained an opinion as to future medical" and "has not sought punitive damages." Notably, the language in Plaintiff's remand motion does not foreclose the possibility of seeking damages for future medical expenses or seeking punitive damages.

In light of the extent to which Plaintiff's injuries are pled in the Petition, it cannot be said as a matter of law that a fact finder could not legally conclude Plaintiff's damages will not exceed $75,000. If a jury were to find in Plaintiff's favor on his claims as pled, damages could reasonably exceed $75,000. On the information presently before the Court, therefore, the requisite jurisdictional amount in controversy has been adequately demonstrated. However, if Plaintiff were to submit an affidavit or other binding declaration that he will not seek or accept[1] in State court more than the federal diversity jurisdictional amount, such a post-removal attestation would

---

[1] In the motion, Plaintiff represents that upon remand he will seek to amend the prayer for relief to request the Circuit Court enter judgment in his favor and award Plaintiff fair and reasonable damages in excess of $25,000, but less than $75,000 and for such other further relief as the Court deems appropriate. This representation is insufficient for jurisdictional threshold purposes because Plaintiff will also need to attest that he will not *accept* more than the threshold amount. *See, e.g., Armour v. Schneider Nat'l Carriers, Inc.*, No. 4:16CV1328 JCH, 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016) (plaintiff's remand motion was "neither signed by Plaintiff nor notarized, and thus cannot constitute a binding stipulation by plaintiff filed both in state and federal court stating that plaintiff does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs....") (internal quotation omitted); *Ruch v. High-Tech Inst.*, No. 10-1061-CV-W-SOW, 2010 WL 11566088, at *1 (W.D. Mo. Dec. 3, 2010) (although plaintiff's petition did not establish the amount in controversy was less than $75,000, remand granted where Plaintiff attached an Affidavit declaring he "will not seek to recover or collect from Defendant any monies in excess of $75,000 in combined actual damages, punitive damages, statutory attorneys' fees."); *Fliter v. Werner Enterprises, Inc.*, No. 4:05CV2002 CDP, 2005 WL 5834638, at *1 (E.D. Mo. Dec. 14, 2005) (granting remand where plaintiff amended affidavit to clarify "should this case be remanded, he will neither seek nor accept an amount to exceed $75,000, exclusive of interest and costs.").

warrant remand. *See Walsh v. J.B. Hunt Transport, Inc.,* 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998); *Halsne v. Liberty Mut. Group,* 40 F.Supp.2d 1087, 1092 (N.D. Iowa 1999). In the absence of such attestation, diversity jurisdiction continues to lie in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED without prejudice.** (Doc. 9.)

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorney's fees is **DENIED**.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of March, 2021.